**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2362-19T2

D.C.,[1]

    Plaintiff-Appellant,

v.

V.C.,

    Defendant-Respondent.

_____

Submitted January 19, 2020 – Decided January 27, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FM-06-0479-15.

Paul H. Scull, Jr., attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials and pseudonyms to protect the welfare of the parties' minor children. R. 1:38-3(d).

In this unopposed appeal, D.C., the father of the parties' two minor children C.C. and D.C.,[2] seeks relief from the Family Part's January 3, 2020 order denying relief with respect to the children's alleged educational neglect. Specifically, the father urges that remedial action is warranted to address the apparent failure of the children's mother, V.B. (formerly known as V.C.) to provide adequate instruction to the children through home schooling.

For the reasons that follow, we vacate several portions of the January 3, 2020 order, remanding this case for additional evaluations and a plenary hearing, yielding a more informed basis for the trial court to reconsider measures that may be warranted to assure the children's educational best interests.

The parties are the parents of Claudia, who was born in September 2010, and her younger brother Derek, who was born in September 2012. The parties divorced in June 2017, entering into a Marital Settlement Agreement ("MSA") with the mutual assistance of counsel. Under the terms of the MSA, the parties agreed to share joint legal and physical custody of both children. The parties designated the mother the parent of primary residence and the father the parent of alternate residence.

---

[2] Because the father and the son share the same initials "D.C.," we hereafter refer to the former as "the father" and the latter by the pseudonym "Derek." We shall refer to the daughter, C.C., by the pseudonym "Claudia."

In her role as primary custodian, the mother decided, against the father's wishes, to provide both children with home schooling rather than enroll them in the public-school system. She noted in her motion certification that the father himself was home schooled as a child.

As time passed, the father became increasingly concerned about the effectiveness of the children's home schooling. On the other hand, the mother has insisted she has adequately met the children's educational needs. According to the mother, the father has unjustifiably complained about the quality of her home schooling simply to harass her.[3]

In April 2019, a pediatrician with the CARES Institute performed an examination of Claudia at the behest of the Division. The pediatrician, who is an associate professor of pediatrics, authored a sixteen-page report covering a range of concerns, including educational needs. At the time of the CARES report, Claudia was eight years old and would have been in the third grade.

The CARES report identified numerous concerns about deficiencies in Claudia's home schooling. Among other things, the expert noted that Claudia

---

[3] The record shows the parties have had numerous disputes concerning the welfare of the children, some of which have prompted the involvement of the Division of Child Protection and Permanency ("the Division"). We do not address those issues here except for the contentions of educational neglect.

was "unable to read even a very basic book" and "could not read a full sentence." The expert further noted that Claudia was "unable to complete very simple mathematics problems such as addition and early multiplication." The expert opined that these shortcomings were "very concerning for educational neglect." More specifically, the expert recommended that Claudia and her brother be "enrolled in school," and that Claudia receive "a formal evaluation of her cognitive abilities and her academic achievement to ascertain whether or not she is getting appropriate education."

Following the CARES report, the father moved in the Family Part for, among other things, an order directing the children to be evaluated by a child psychologist and to be tested by the public school. The mother, through counsel, opposed the motion, and cross-moved herself for various items.

After considering the parties' submissions, the trial court issued a lengthy order on September 9, 2019 which addressed a variety of issues, including the children's schooling. Within that order, the trial court stated it "finds that there is significant circumstantial evidence from the NJ CARES [I]nstitute that causes the Court concern and that warrants further investigation [so as] to err to the side of protecting the children." Although the court declined at that point to make any finding the children had been abused or neglected, the court did order

the parties to "execute the necessary authorizations and documentation to have the minor children evaluated educationally by the [local public-school district] as soon as possible."

In addition, the court's September 9, 2019 order granted, with certain modifications, the father's request that the children be evaluated by a child psychologist, as had been recommended by the CARES expert. Toward that end, the court instructed each party to propose the names of three acceptable psychologists who could undertake the evaluation. The father's counsel submitted three names and the mother's counsel submitted two.

As directed, the local elementary school performed an educational screening of both children in mid-September 2019, utilizing various assessment tests in reading and math. The screening revealed that each child was significantly behind his or her peers, as much as up to two grade levels. The screening results were presented to the trial court, and both parents supplied additional submissions. The father advocated that the children be immediately enrolled in the public school. The mother opposed such action, contending that the screeners unfairly used milestones for the end of the academic year to evaluate the progress of the children who had not yet completed the year.

A-2362-19T2

The case returned to court in December 2019.  After hearing oral argument but no testimony, the court altered course and determined that no further steps were warranted to address the children's educational concerns.  The court found it significant that the mother, as the parent of primary residence, had the prerogative under N.J.S.A. 18A:38-25 to choose home schooling for the children in lieu of traditional public education.  The court further recognized that neither the Division nor the school district had seen fit to initiate any steps to require the children to attend the elementary school.  In addition, the court expressed concerns that the children might react adversely to being made subject to further testing and evaluations while their parents fought and litigated over their schooling.

Having reflected on the situation in this manner, the trial court issued an order on January 3, 2020, denying the father's motion in nearly all respects. Among other things, the order declared the court "will not interfere with [the mother's] home schooling of the minor children," and denied the father's request to have them enrolled in the public school.  The order further denied the father's request for the children to undertake comprehensive psychological evaluations, and likewise denied his requests for risk assessments.  Further, the court denied the father's request for the children to switch to a counselor approved by the

Division's case worker, although the court did order both parties "to follow any recommendations of the [Division]." The court did keep intact a provision within its September 2019 order requiring the mother to consult and confer with the father concerning "all major non-emergent medical, educational, and issues pertaining to religion." Although not embodied in the order, the court orally urged the mother at the motion hearing to be more attentive to the children's educational needs.

In his appeal of the court's January 3, 2020 order, the father argues the trial court gave too much deference to the mother as the primary custodial parent, and failed to take sufficiently into account the children's best interests. The father requests that the matter be remanded for a plenary hearing and the completion of psychological evaluations and academic testing of both children. The mother has not filed a brief in opposition to the appeal.

The polestar of our state's laws involving custody and other post-divorce matters affecting minor children is the best interests of the child. See, e.g., N.J.S.A. 9:2-4(a) to (c); Pascale v. Pascale, 140 N.J. 583, 588 (1995). Where, as here, divorced parents share joint physical and legal custody of their children, the parent of primary residence has some presumptive latitude over the children's day-to-day affairs. Pascale, 140 N.J. at 599-600. Nonetheless, that

A-2362-19T2

primary caretaker is not permitted to take unilateral actions that are demonstrably harmful to the children's best interests. Id. at 596.

Here, there are substantial indicia in the record from neutral sources such as the CARE pediatrician and the school testing professionals that both Claudia and Derek are seriously behind in their educational progress. Although we appreciate the trial court's understandable concern about the children being subjected to excessive testing or evaluations, the record we have been provided raises considerable issues of educational deficiencies that must be more deeply explored.

The right of a parent to elect home schooling under N.J.S.A. 18A:38-25 is not unlimited. The children must receive "academic equivalence." N.J.S.A. 18A:38-25; see also State v. Massa, 95 N.J. Super. 382, 390 (Law Div. 1967). The trial court misapplied its discretion in declining to have these educational issues investigated and addressed more thoroughly.

We accordingly vacate paragraphs 1 through 4 of the January 3, 2020 order, and remand for further proceedings, which shall include evaluations by a court-appointed child psychologist and updated academic testing. Following such reports, the court shall conduct an evidentiary hearing to resolve any disputed questions of fact. To plan these remand activities, the court is

8

instructed to conduct a case management conference within twenty days.[4] We make no determination as to whether or not the children shall be enrolled in the public school, as that ultimate decision will rest with the Family Part after the current evidence concerning the children's status and best interests is more fully developed.

Vacated in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The court is free to include in the remand proceedings any other issues relating to the children's welfare beyond the educational matters that are the subject of this appeal.

A-2362-19T2